**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conlon Group Arizona, LLC, | No. CV-09-1163-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| CNL Resort Biltmore Real Estate, Inc.; et al., | |
| Defendants. | |

On March 14, 2009, the Hotel attempted to terminate the risk pool agreement, effective June 30, 2009. Conlon filed a complaint alleging breach of contract and breach of the covenant of good faith and fair dealing, seeking declaratory and injunctive relief. Conlon then filed a motion for preliminary injunction. We granted the Hotel's request for consolidation of the preliminary injunction hearing with a trial on the merits pursuant to Rule 65(a)(2), Fed. R. Civ. P., and converted the motion for preliminary injunction into a motion for summary judgment. A hearing was held on June 26, 2009, at which we concluded that the Hotel does not have the right to terminate the risk pool agreement and entered judgment in favor of Conlon (doc. 17).

We now have before us Conlon's motion for attorneys' fees and costs (doc. 20), the Hotel's response (doc. 30), and Conlon's reply (doc. 31). We also have before us Conlon's

motion to file exhibit 1 to reply under seal (doc. 32), the Hotel's response (doc. 34), and Conlon's reply (doc. 35).

We conclude that Conlon's request for fees and costs in the amount of $97,145.40, arising from a matter decided at a preliminary injunction hearing is unreasonable. Conlon employed eleven lawyers, including five partners and six associates, who billed over 303 hours starting in January 2009 (four months before the complaint was filed) related to a simple contract interpretation dispute. The lawyers billed (as best we can tell) in excess of 80 hours to prepare the motion for preliminary injunction; block-billed entries hampering our ability to review the reasonableness of charges; billed for activities unrelated to this litigation (e.g., activities related to a "webcast," the creation of a comparison chart for Villa owners, and the negotiation of a new rental pool agreement); charged in excess of $10,000 related to the fee application alone; and charged rates ($385/hour for a partner, $260/hour for associates) in excess of the prevailing Phoenix rates. There were no disclosures, no written discovery, and no depositions in this matter. No motion for preliminary injunction should incur fees in excess of $97,000. One could have tried the case for less than that. The rental pool agreement permits the prevailing party to recover "reasonable attorneys' fees" only. Moreover, A.R.S. § 12-341.01(B) permits fee shifting to mitigate the burden in a way that need not equal or relate to the fees actually paid. In light of the simplicity of the issue presented in this case, we conclude that total attorney's fees and costs in the amount of $35,000 is reasonable. This is based upon our careful consideration of the factors identified in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), including overstaffing, excessive hours, lack of billing judgment, unrelated claims, and a general failure to consider the overall value of the work done. The Hotel's suggestion that $50,000 is reasonable for Conlon's fees appears to be motivated by an effort to support its own unreasonable fees of $68,000.

**IT IS ORDERED GRANTING** Conlon's motion for fees and costs in the amount of $35,000 (doc. 20). Because it was not necessary for the disposition of this motion, we **DENY** Conlon's motion to file exhibit 1 under seal (doc. 32). The clerk shall return docket item number 33 to Conlon.

DATED this 24th day of November, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge